**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| SIGNAL PERFECTION, LTD. d/b/a : <br> SPL INTEGRATED SOLUTIONS : <br> 9160 Rumsey Road, Suite B-12 : <br> Columbia, MD 21045 : <br> : <br>           Plaintiff : <br> : <br>    v. : <br> : <br> XL SPECIALTY INSURANCE COMPANY : <br> 70 Seaview Avenue : <br> Stamford, Connecticut 06902 : <br> : <br> : <br> GREENWICH INSURANCE COMPANY : <br> One Greenwich Plaza : <br> Greenwich, Connecticut 06836 : <br> : <br> : <br> XL REINSURANCE AMERICA, INC. : <br> 70 Seaview Avenue : <br> Stamford, Connecticut 06902 : <br> : <br>           Defendants : | CIVIL ACTION <br><br> NO. <br><br><br><br><br><br> Serve D.C. Registered Agent: <br> CT Corporation Systems <br> 1015 15th Street NW <br> Washington, D.C. 20005 <br><br> Serve D.C. Registered Agent: <br> CT Corporation Systems <br> 1015 15th Street NW <br> Washington, D.C. 20005 <br><br> Serve D.C. Registered Agent: <br> CT Corporation Systems <br> 1015 15th Street NW <br> Washington, D.C. 20005 |

**COMPLAINT**

Plaintiff, Signal Perfection, Ltd. d/b/a/ SPL Integrated Solutions ("SPL"), by and through

their attorneys, The Rubin Employment Law Firm PC hereby files this Complaint against

Defendants, XL Specialty Insurance Company, Greenwich Insurance Company, and XL

Reinsurance America, Inc. (collectively "XL"), and, in support thereof, states the following:

**PARTIES**

1.    Plaintiff, SPL, is a corporation organized under the laws of Maryland with a place

of business located at 9160 Rumsey Road, Suite B-12, Columbia, MD 21045.

2.      Defendant, XL Specialty Insurance Company, is a Delaware corporation with its principal place of business located in Stamford, Connecticut and it is authorized to conduct business in Washington, D.C.

3.      Defendant, XL Reinsurance America, Inc., is a New York corporation with its principal place of business located in Stamford, Connecticut and it is authorized to conduct business in Washington, D.C.

4.      Defendant, Greenwich Insurance Company, is a Delaware corporation with its principal place of business located in Greenwich, Connecticut and it is authorized to conduct business in Washington, D.C.

## JURISDICTION & VENUE

5.      Personal jurisdiction is proper in this District and Division because the Defendants conduct business in this District and Division.

6.      Subject matter jurisdiction is proper under 28 U.S.C. § 1332 because the parties' citizenship is diverse and the amount in controversy exceeds $75,000.

7.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this complaint occurred in Washington, D.C.

## BACKGROUND

8.      SPL entered into a contract with Paige ("Contract") to perform audiovisual work for the construction of the Marriot Marquis in Washington, D.C. ("Project").

9.      Upon information and belief, Paige International ("Paige") entered into a contract with Truland for certain information technologies services for the Project.

10.      Upon information and belief, Truland Systems Corporation ("Truland") entered into a contract with Hensel Phelps Construction Co. ("Hensel Phelps") to provide the electrical work for the Project.

11.     Upon information and belief, Hensel Phelps was the prime contractor for the owner, HQ Hotel, LLC ("Owner").

12.     XL acted as a surety to Truland and provided payment and performance bonds for the benefit of SPL and others on the Project.

13.     XL provided payment bond number SUR7402105 ("Payment Bond") to Truland as indemnity to Hensel Phelps for Truland's unpaid claimants that provided labor, material, and/or equipment to the Project.  Attached hereto as Exhibit 1 is the Payment Bond.

14.     Pursuant to the terms of the Payment Bond, SPL is a "Claimant."

15.     SPL began its work on the Project in June 2013 and submitted its first payment invoices in July 2013.

16.     As SPL performed its work, it continued to submit payment invoices.

17.     During the end of 2013 and beginning of 2014, SPL received payment for its invoices.

18.     SPL stopped receiving payment at the end of March 2014 and has not received payment since despite continuing to perform its work.

19.     SPL has performed all of its work under its Contract and it has been accepted by the Owner.

20.     SPL performed its work in a timely, professional, and workmanlike manner.

21.     SPL's work was performed for, among others, Truland's benefit.

22.     Despite SPL fully performing its work, it has not been paid $691,848 that is due and owing.

23.     Throughout 2014, Truland directed SPL to perform work on the Project.

24.     Throughout 2014, Truland supervised SPL's work on the Project.

25.     On multiple occasions Truland promised SPL that it would be paid in full for past performed and future work on the Project.

26.     Despite requests for payment, SPL has not been paid by XL or Truland.

27.     At all relevant times, XL Group has acted on behalf of the XL entities.

28.     On June 27, 2014, SPL provided XL with an executed Proof of Claim for the amount due and owing at that time.

29.     On September 29, 2014, SPL provided XL with extensive backup documentation supporting its Proof of Claim.

30.     XL has acknowledged receipt of SPL's backup documentation to its Proof of Claim but has not taken any other action.

### COUNT I – BREACH OF PAYMENT BOND OBLIGATIONS

31.     SPL incorporates by reference the previous paragraphs as if set forth fully herein.

32.     SPL performed all of its obligations pursuant to the terms and conditions of the Contract in a timely, professional, and workmanlike manner.

33.     SPL has not been paid in full for all of its labor and materials furnished to the Project.

34.     SPL provided notice, an executed Proof of Claim, and supporting documentation to XL.

35.     SPL is a proper claimant under the Payment Bond.

36.     All conditions precedent to commencing an action against XL under the Payment Bond have been satisfied.

37.     Neither Truland nor XL has made any payments to SPL for the amount claimed herein.

38.   XL has failed and refused to fulfill its obligations under the Payment Bond and pay SPL for the labor and materials furnished to the Project.

39.   As of the date of this Complaint, SPL is owed $691,848 for unpaid labor and materials provided to the Project.

**WHEREFORE**, Signal Perfection, Ltd. d/b/a/ SPL Integrated Solutions requests that judgment be entered against Defendants, in the amount of $691,848, plus interest, attorneys' fees, and any other such relief as the Court deems just and proper.

Respectfully submitted,

BY:   _____

JAMES EDWARD RUBIN (Bar No.456945)
E-mail: jrubin@rubinemploymentlaw.com
The Rubin Employment Law Firm, PC
11 North Washington Street, Suite 520
Rockville, MD
Tel: 301-760-7914
Fax:301-838-0322

Date:  January 26, 2015

3040980.1 05755-0042